UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN GIEL,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS ACCEPTANCE CORPORATION (GMAC) et al.,<br><br>    Defendants. | Case No. C07-5270RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT OR IN THE ALTERNATIVE FOR A NEW TRIAL ON PLAINTIFF'S CLAIMS UNDER THE WASHINGTON STATE SECURITIES ACT |

This matter comes before the court on the above-referenced motion (Dkt. 99). The court has considered the records and files herein, documents filed in support of and in opposition to the motion and the events of the trial. For the following reasons, the motion should be denied.

1. The court's instructions to the jury (Dkt. 90), jury verdict (Dkt. 93) and responses to the jury's questions (Dkt. 91), were all entirely appropriate. Plaintiff did not take exceptions to any of the court's instructions.

2. Plaintiff's Motion asks that the court make assumptions as to what went on in the jury room and in the jury's mind. That is not appropriate.

3. The legal elements of plaintiff's federal claim and plaintiff's state claim are substantially different. *See* Court's Instructions No. 9 and No. 10 of Docket No. 90. For that reason, the fact that the jury reached different conclusions on the federal and state claims does not indicate that the verdict on each claim was inconsistent. Even if the verdicts were inconsistent, however, they should not be set aside. The verdicts in this case were <u>general</u>, not special, verdicts, (*See* Dkt. 93), as defined in <u>Zhang v. American Gem Seafoods</u> Inc., 339 F.3d 1020, 1031-32 (9th Cir. 2003). As is also reflected in <u>Zhang</u>, 339 F.3d at 1035-36, it is inappropriate to set aside inconsistent general verdicts. In addition to the reasons for this rule set out in <u>Zhang</u> at page 20, a contrary rule would impinge on a jury's inherent right to reach a compromise verdict.

4. The court agrees with defendant that this motion is more akin to a Federal Rule of Civil Procedure 50 motion than a Rule 59 motion, but, in any event, plaintiff does not make a sufficient showing under Federal Rules of Civil Procedure 50, 51, 59, or 60 to justify amendment of the judgment or a new trial.

For the foregoing reasons it is now

**ORDERED** that Plaintiff's Motion to Amend Judgment or in the Alternative for a New Trial on Plaintiff's Claims Under the Washington State Securities Act (Dkt. 99) is hereby **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 7th day of January, 2009.

*[signature]*
ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT OR IN THE ALTERNATIVE FOR A NEW TRIAL ON PLAINTIFF'S CLAIMS UNDER THE WASHINGTON STATE SECURITIES ACT - 2